UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JIMMY RAY BURNETT                         CIVIL ACTION NO. 05-0317

VERSUS                                    JUDGE WALTER

WARDEN LOUISIANA STATE                    MAGISTRATE JUDGE HORNSBY
PENITENTIARY

**REPORT AND RECOMMENDATION**

**Introduction**

Jimmy Ray Burnett ("Petitioner") entered a plea of guilty to charges of sexual battery and oral sexual battery. He was adjudicated a fourth-felony offender and received an enhanced sentence of life imprisonment (without benefits) on the sexual battery charge, and a 10-year sentence was imposed for the oral sexual battery conviction. The state appellate court affirmed the convictions and sentences. State v. Burnett, 768 So.2d 783 (La. App. 2d Cir. 2000), writ denied, 800 So.2d 864 (La. 2001). See also Tr. at 294-310 and 343. Petitioner then filed a post-conviction application, which the state courts denied.

Petitioner next filed this petition for federal habeas relief. The State has filed an answer that concedes exhaustion of state court remedies but challenges the petition on the grounds that it is untimely and lacking in merit. The undersigned has carefully reviewed the procedural history of the state court proceedings, with an eye toward the governing jurisprudence on the timeliness issues. There is a good-faith argument for the defense, but reasonable minds could differ on some critical aspects of the analysis that would be necessary

to dismiss the petition solely on the basis of timeliness. The same is not true with respect to the arguments on the merits. It is recommended, for the reasons set forth below, that the petition be denied on the merits.

**Double Jeopardy**

Petitioner lists the errors he asserts in this petition at Doc. 1-4, p. 3. Among the issues are assertions that (1) his convictions for both sexual battery[1] and oral sexual battery[2] violated double jeopardy principles and (2) his trial counsel was ineffective for failing to attack the charges on double jeopardy grounds.

---

[1] Louisiana law, in La.R.S. 14:43.1, defines sexual battery as follows:

A. Sexual battery is the intentional engaging in any of the following acts with another person where the offender acts without the consent of the victim, or where the act is consensual but the other person, who is not the spouse of the offender, has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using any instrumentality or any part of the body of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using any instrumentality or any part of the body of the victim.

[2] Oral sexual battery is defined in La.R.S. 14:43.3 as follows:

A. Oral sexual battery is the intentional engaging in any of the following acts with another person, who is not the spouse of the offender when the other person has not yet attained fifteen years of age and is at least three years younger than the offender:

(1) The touching of the anus or genitals of the victim by the offender using the mouth or tongue of the offender; or

(2) The touching of the anus or genitals of the offender by the victim using the mouth or tongue of the victim.

A review of this issue requires a look at the facts that underlie the two convictions. When Petitioner pleaded guilty, the prosecutor stated the factual basis for each charge, and Petitioner admitted those facts. The prosecutor stated that Petitioner, who was 42 years old, went to the home of the 12-year-old victim (who was Petitioner's relative) and took her for a drive, ostensibly to get some milk. They stopped at several places, and Petitioner eventually took the child to a secluded, wooded area. Petitioner forced the victim into the back seat of the car, threatened to tie her down if she did not stop squirming, and slapped her violently on both sides of her face until she submitted. Petitioner pulled down the pants of the screaming child and, using his hand that was lubricated with motor oil taken from the dip stick of the car, touched her genitals and anus. In addition, Petitioner used his mouth to touch the genitals of the child. Petitioner took the victim home, and she reported the crimes immediately. Tr. 700-02. Petitioner admitted most of the actions in a statement to police, but he blamed the victim for enticing him, which Petitioner said he fell for only because he had been drinking and "smoking weed." Petitioner also suggested that he might have penetrated the child, but he could not obtain an erection. Petitioner said that he thought the girl was thirteen or fourteen. Tr. 38-55.

The Double Jeopardy Clause of the Fifth Amendment, applicable to the states through the Fourteenth Amendment, provides: "No person shall ... be subject for the same offence to be twice put in jeopardy of life or limb." The provision prohibits a state from punishing a person twice "for the same offense." Mitte v. U.S., 115 S.Ct. 2199, 2204 (1995). The state

appellate court recited both the federal Blockburger standard and the "same evidence" test that Louisiana also uses. The Court determined that Petitioner had not been put in jeopardy for the same offense twice because he committed two offenses, although within a short period of time. The first offense (sexual battery) was committed when Petitioner touched the victim's genitals and anus with his hands. Petitioner later touched the victim's genital area with his mouth, thereby committing the second offense of oral sexual battery. The Court concluded that Petitioner had performed "two distinct acts" that "committed two distinct crimes against the victim within a short period of time." Tr. 308-09. Under those circumstances, the Court found no basis for relief with respect to the double jeopardy claim.

The federal court may not grant habeas relief with respect to this claim, which was adjudicated on the merits in the state courts, unless the adjudication of the claim "resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). There is no basis for relief in this case under the "contrary to" clause, as it is explained in Williams v. Taylor, 120 S.Ct. 1495, 1519 (2000). This claim is properly assessed under the "unreasonable application" clause, which permits a federal court to grant the writ only if the state court identified the correct governing legal principle from the Supreme Court's decisions, but unreasonably applied that principle to the facts of the case. Williams, 120 S.Ct. at 1523. Even if the federal court, in its independent judgment, has a firm conviction that the state court was wrong in its application of the federal principle, relief

is not permitted unless the state court decision was so wrong as to be objectively unreasonable. Lockyer v. Andrade, 123 S.Ct. 1166, 1175 (2003).

The lower state and federal courts have on occasion confronted similar cases of sex crimes in which two convictions were obtained based on events that occurred within a short span of time. A similar factual situation was presented in State v. Cloud, 946 So.2d 265 (La. App. 3d Cir. 2006), and the defendant conceded that the Second Circuit's rationale in the decision of this case in 2000 prevented him from challenging his convictions for both sexual battery and oral sexual battery that stemmed from abuse of a child when he both fondled and orally battered the victim during one continuous course of conduct. A similar situation was presented in Hutchins v. State, 992 S.W.2d 629, 633 (Tex. Crim. App. 1999). The evidence showed that the only sexual contact happened on a single day when the defendant first touched a child's genitals with his fingers before penetrating her with his penis. Although the two acts were committed in "close temporal proximity," the court found that the two acts were separate and distinct enough to avoid double jeopardy concerns. The same result was reached in Murray v. State, 24 S.W.3d 881, 888-89 (Tex. Crim. App. 2000) in which two convictions were upheld based on defendant touching the victim (1) with his finger and (2) with his tongue during the course of one sexual assault.

There may be reasonable arguments for results contrary to those reached by the state court in this and the other cited cases, but there is also objectively reasonable support for the positions taken in this and the similar cases. Accordingly, the state court's adjudication of

the double jeopardy issue was not objectively unreasonable, and habeas relief is not permitted on the "straight up" double jeopardy claim.

The state court was also not unreasonable in its adjudication, on post-conviction application, of the related ineffective assistance of counsel claim. To satisfy the prejudice requirement of such a claim in a guilty plea case, the petitioner must show that there is a reasonable probability that, but for counsel's error, he would not have pleaded guilty and would have insisted on going to trial. Hill v. Lockhart, 106 S.Ct. 366, 370 (1985). The law discussed above shows that there is little likelihood that counsel could have prevailed in the Louisiana courts on a double jeopardy argument. In any event, that would only bar one of the two felony convictions, and Petitioner already had three prior felony convictions (armed robbery, simple robbery and simple robbery. See Tr. 233). Under Louisiana's multiple offender law, those three prior crimes would mandate a life sentence (without benefits) if the fourth or any prior felony was a crime of violence.

Petitioner decided to plead guilty after his trial was underway. The prosecutor, before the plea was entered, stated that she wanted to be "absolutely clear" that there was no agreement with respect to sentence, that she intended to file a multiple offender enhancement bill, and that it was her belief that the law would require "an automatic life sentence" under the circumstances. Tr. 692-93. The judge asked Petitioner if he understood the prosecution's intent and the sentence that he was facing. Petitioner answered that he did, that he had discussed the matters fully with his attorney, and that he nonetheless wished to plead guilty.

Tr. 694-5. There is simply no objective basis in the record to support a conclusion that Petitioner would have insisted on going forward with the trial if only his attorney had counseled him to pursue a double jeopardy defense (that would have done nothing to avoid the mandatory life sentence that Petitioner essentially accepted when he chose to plead guilty).

**Habitual Offender Proceeding**

Petitioner complains that a 1980 conviction for armed robbery was wrongfully used as a predicate offense in his multiple offender proceeding. Trial counsel filed a motion to quash on the grounds that the prosecutor had failed to provide adequate documentation that the guilty plea to that prior felony complied with Boykin. Tr. 234. The trial court denied the motion, and the state appellate court assessed the issue on direct review. It noted that the prosecution introduced evidence of (1) a bill of information that charged the armed robbery, (2) certified minute entries showing that Petitioner pleaded guilty and was represented by counsel and informed by the court of his rights under Boykin, and (3) fingerprints regarding the 1980 conviction that a detective testified matched Petitioner's prints. The appellate court held that the prosecution met its burden of proving the 1980 guilty plea and that Petitioner was represented by counsel at the time, which shifted the burden to Petitioner to produce evidence of an infringement of his rights with regard to the plea. Petitioner did not produce such evidence, so the appellate court affirmed under the Shelton procedure that Louisiana then employed to assess such claims. Tr. 296-98.

Petitioner continues to complain in his federal petition that the prosecution failed to provide a transcript of the guilty plea. This argument is foreclosed by <u>Lackawanna County District Attorney v. Coss</u>, 121 S.Ct. 1567 (2001). That decision holds that habeas relief is unavailable to a state prisoner when the prisoner challenges a current sentence on the ground that it was enhanced based on an allegedly unconstitutional prior conviction for which the prisoner is no longer in custody. There is an exception if counsel was not appointed in connection with a prior conviction, but the records in this case show that Petitioner was afforded counsel. Petitioner asserts a related claim that his counsel was ineffective because he did not adequately investigate the prior felony charge and prepare a proper argument for the habitual offender hearing. The record shows that counsel did object to the use of the prior conviction but, as the appellate court found, there was no merit to the objection. No relief is warranted with respect to this claim.

**Ineffective Assistance**

Petitioner's principal claim is that his trial counsel was ineffective because he did not adequately investigate and pursue a venue objection based on the contention that the crime occurred in Texas rather than Louisiana. Police reports produced to the defense during discovery show that Petitioner picked up the victim at her home in Waskom, Texas and then drove to Greenwood, Louisiana. The two towns are in close proximity, one on each side of the state border. The sexual attack occurred in a secluded area off of an oilfield road. One of the report forms, in the spot for listing the address of the incident, noted "Waskom, Texas,

wooded area." Tr. 12-25. Petitioner gave a statement about the crime in which he said he believed he had traveled down the rural road far enough to have returned into Texas. Tr. 41. A supplemental report from the Caddo Sheriff's office states that a deputy went to the crime scene with Mr. Russell Bryant, who was employed by SWEPCO (an area electric utility company) and "quite familiar with the area." Mr. Bryant reported that the "crime scene is in the Caddo Parish jurisdiction approximately one mile from the Texas State line." Tr. 79.

After the jury was selected, but before the first witness was called, the prosecutor advised the court that venue was an issue in the case, and she had a witness present who could testify that the location of the offense was in Caddo Parish, Louisiana. The witness had appeared for court in short pants, and the prosecutor did not wish to put him on the stand in that attire. She reported that she had discussed the matter with defense counsel and reached a stipulation that the offense happened in Caddo Parish. Petitioner's counsel responded:

> That's correct, your Honor. I'm satisfied and willing to stipulate that the present offense did occur in Caddo Parish. The predecessor on this file, Mr. David Peterson, and I got together and resolved this issue with the respective investigators from our offices. And I'm satisfied that the alleged incident did in fact occur in Caddo Parish.

Tr. 652-53.

The trial judge noted that there had been a motion to quash filed earlier but "correctly withdrawn" after counsel had the opportunity to investigate the issue. Defense counsel confirmed that recollection, and the court accepted the stipulation. Tr. 653. Only one

witness, an investigating officer, testified at trial before Petitioner decided to plead guilty. The officer testified that he drove the victim to the crime scene and she pointed out where the crime happened. The officer stated that, to the best of his knowledge, that location was in Caddo Parish. Tr. 690-91.

Petitioner then pleaded guilty, but he later moved to withdraw his guilty plea, for reasons including the asserted lack of venue. That motion was denied, and Petitioner raised the issues on direct appeal. The state appellate court denied relief based on a finding that the crime occurred in Louisiana and that the failure to contest the venue issue and a guilty plea waived the defense. Tr. 300-03.

Petitioner asserted in a post-conviction application that his counsel was ineffective for not pursuing the venue issue. Counsel filed an affidavit in which he testified that it appeared during trial preparation that there may be some question as to where the alleged crime occurred, so he prepared a motion to quash based upon the jurisdictional issue. "However, after further investigation and consultation with the witness that the State was preparing to call to establish that jurisdiction was proper in Caddo Parish, I was satisfied that the motion to quash was without merit and I withdrew the motion." Tr. 490-91. The trial court denied relief (Tr. 495-A), and the state appellate court denied a writ application. It reasoned that trial counsel had "specifically and adequately addressed" the complaints about his representation, including the jurisdiction issue. Tr. 582. The Supreme Court of Louisiana denied writs without comment. Tr. 649.

Petitioner also admitted to the court that the crime occurred in Caddo Parish. After Petitioner decided to plead guilty, the prosecutor recited a factual basis, in which she stated that the crimes occurred in a "secluded wooded area in the Caddo Parish limits." At the end of the statement of factual basis, the prosecutor emphasized "and all these events occurred in Caddo Parish ... ." The court asked Petitioner if he heard those facts and whether they were "basically correct." Petitioner answered with an unqualified, "Yes." Tr. 700-02.

Petitioner has never pointed to any evidence that would contradict counsel's conclusion that the jurisdiction issue he originally raised was without merit because the crime occurred in Caddo Parish. Accordingly, there is no basis to conclude that the state court's adjudication of the issue was objectively unreasonable with respect to its decision that counsel did not make an error that satisfied the performance prong of the Strickland standard. There is no basis for federal habeas relief with respect to this issue. Petitioner makes a related argument that counsel did not perform an adequate investigation of the facts, but there is no articulation of what counsel would or should have discovered that would have changed his apparently certain opinion that jurisdiction was proper.

**Brady Claim**

Petitioner lists in his federal petition a claim that his due process rights were violated because he was not informed of exculpatory evidence.[3] The memorandum filed in this

---

[3] Brady v. Maryland, 83 S.Ct. 1194 (1963) held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or

federal proceeding does not explain the basis of that claim or suggest what exculpatory evidence was withheld. Petitioner's post-conviction application asserted such a claim and described the allegedly withheld evidence as the "Harrison County Sheriff Investigation Report." Petitioner made a brief and conclusory argument that the report created doubt as to the jurisdictional issue. Tr. 371.

As noted above, the prosecutor served discovery responses that included copies of law enforcement reports that gave rise to some question about the location of the crime (which was ultimately resolved to counsel's satisfaction). The alleged unproduced Harrison County document has not been filed or identified, nor have specific facts been articulated to suggest that it actually exists and would provide exculpatory evidence. Under the circumstances, there is no basis to determine that the state court's adjudication of the Brady claim was an objectively unreasonable application of Supreme Court precedent, so habeas relief is not available.

Accordingly;

**IT IS RECOMMENDED** that the petition for writ of habeas corpus be **denied**, and that Petitioner's complaint be **dismissed with prejudice**.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and

---

bad faith of the prosecution."

recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 31st day of January, 2008.

_____
MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE